# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ASHLEY GAROFOLO<br>1767 Frankford Avenue<br>Philadelphia, PA 19125 | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : | No. _____ |
|  | : |  |
| v. | : |  |
|  | : |  |
| KIDO NWANI, individually<br>1901 Chestnut Street<br>Philadelphia, PA 19103<br>and | : | **JURY TRIAL DEMANDED** |
| LAURETTA HASSANN-NWANI<br>1901 Chestnut Street<br>Philadelphia, PA 19103<br>and | : |  |
| THE SAINTS RESTAURANT AND<br>LOUNGE<br>1901 Chestnut Street<br>Philadelphia, PA 19103 | : |  |
|  | : |  |
| Defendants. | : |  |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1.       This action has been initiated by Ashley Garfolo (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and applicable state law(s). Plaintiff asserts herein that she was not paid overtime compensation (while employed) and was unlawfully terminated from her employment for expressing concerns and/or complaints about such unlawful conduct (and other unlawful conduct under the FLSA). As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II.  JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.  PARTIES

5.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.    Plaintiff is an adult individual, with an address as set forth in the caption.

7.    The Saints Restaurant and Lounge ("Defendant SRL") is a restaurant (focusing on West African cuisine) operating under this fictitious business name at the above-captioned address. Because Defendants refused to pay Plaintiff in a manner other than via cash, Plaintiff did not have access to corporate information (and was not provided with employment-related documentation). *Plaintiff will thus move to amend the instant lawsuit upon receipt of corporate data during discovery.*

8.        Defendants Kido Nwani ("Defendant K-Nwani") and Lauretta Hassann-Nwani ("Defendant L-Nwani") are upon information and belief husband and wife, as well as the owners and operators of Defendant SRL. They upon information and belief also:

(1) Reside in and/or have operated their businesses from 3855 Blair Mill Road, Apartment 247-P, Horsham, PA 19044;

(2) Operate a business known as Nwani Advanced Care, LLC, an "interested entity" in the operations of Defendant SRL according to the Pennsylvania Department of State records. This entity purports to be a homecare provider operated by Defendants K-Nwani and H-Nwani; and

(3) Have operated a business called the Pepper Fish Bar & Restaurant located at 1300 S. 24th Street, Philadelphia, PA 19146.

9.        Defendants K-Nwani and H-Nwani lack meaningful regard for state or federal laws, knowingly pay employees illegally, and they retaliated against Plaintiff by terminating her for complaints of wage and overtime violations (and other concerns of illegalities). They are individually liable as to their own personal assets (not just those of their corporations).[1]

10.       All named Defendants in this lawsuit shall hereinafter be collectively referred to as "Defendants." At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.  FACTUAL BACKGROUND

11.       The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation (or involved in terminations for protected activities) are appropriate individual defendants under the FLSA and may be held individually liable for such violations). The regulations under state law are the same (as asserted herein).

3

12.    Plaintiff was employed by Defendants for slightly in excess of two (2) months, from on or about February 20, 2026, through on or about April 27, 2026.

13.    Defendants H-Nwani and K-Nwani opened Defendant SRL in or about May of 2025, and this location focuses on providing upscale African food in the Rittenhouse area of Philadelphia (at the above-captioned address).

14.    Upon hire, Plaintiff was informed she would be employed as a "manager" and that she would be paid a salary of $800.00 per week.

15.    Although Defendant SRL was opened for business in May of 2025, it engaged in somewhat of re-opening or re-branding shortly after Plaintiff's hire representing it was able to sell alcoholic beverages (after having obtained a license and having previously been a BYOB).

16.    Defendants have – across-the-board – proverbially ripped off any and all employees who have been misled into working for them. Defendants only pay partial pay and not full paychecks (feigning financial concerns), withhold monies without explanation(s), mislead on pay rates during employee tenures, engage in tax evasion, do not withhold employee deductions, fail to maintain employee time records, and try to claim "employees" are "contractors."

17.    After Plaintiff had commenced working, K-Nwani attempted to have Plaintiff – a purported daily restaurant manager – sign a document representing she was an independent contractor. Plaintiff did not do so, and yet she was never paid via payroll or with local, state or federal withholdings deducted. She was paid only via cash or through a mobile cash application.

18.    After Plaintiff commenced working and had already performed work during her tenure, K-Nwani attempted to claim Plaintiff was only going to receive a $600.00 salary instead of an $800.00 salary making feigned excuses for the unlawful retroactive payment and salary reduction.

4

19.     Plaintiff's general work schedule within Defendants was (and had become) from 6 PM – 2 AM (although sometimes she started earlier or had to work a little later to finish closing). She worked this schedule (or longer as explained below) on the average six (6) days per week for a total of roughly 48 - 50 hours per week.

20.     Plaintiff was never paid a fixed salary, even at a rate of $600.00 (as reduced from $800.00 post-hire and post-commencement of employment). Instead, Defendants barely paid Plaintiff at all in most of her weeks of employment. In some weeks, Plaintiff was not even paid more than $100.00 for the week (totaling less than minimum wage). Defendant K-Nwani told Plaintiff she needs to be patient and wait for Defendants to start generating real money (and other iterations of such commentary).

21.     The miniscule and inconsistent payments Plaintiff received weekly were through a cash application (or via cash) without Defendants following or abiding by any standard payroll practices.

22.     By Plaintiff's second month of employment, Plaintiff was complaining on repeated occasions about issues including but not limited to the following:

(1) Plaintiff was not even receiving minimum wage (which would have been at least $350.00 per week for her 48 – 50 hour workweeks). Minimum wage is a federal job protection under the FLSA (and applicable state law).

(2) Plaintiff complained she was not getting any compensation for overtime pay as Defendants were extending closing hours until 2 AM for bar patrons and Plaintiff was working until 2 AM or later. When an employee is not paid a fixed salary per week, she is automatically entitled to overtime pay (even if referred to as a "manager").

(3) Plaintiff was hired and titled as a manager, but she was primarily working in all positions to help run the restaurant due to absurdly non-existent and insufficient staffing (with only some of her duties being supervisory). Plaintiff assisted with cleaning, serving, hostess, food expediting, reservations, telephone calls, and an array of other non-supervisory duties. When an

5

employee performs primary duties of non-management, even if mixed, she is entitled to overtime compensation.

(4) Plaintiff was not supposed to be classified as a "contractor," and she also objected to Defendants' attempts to make her have newly-hired waitresses be hired as "independent contractors." Plaintiff was unwilling to be a participant in unlawful pay and tax evasion, upset she herself was such a victim. Complaints about misclassification are protected activities under the FLSA.

(5) Plaintiff was providing Defendants with detailed information showing all of the money she was owed regardless of whether they were paying her at $600 or $800 per week, as she was only getting weekly drips and drabs of miscellaneous monies.

(6) Plaintiff was being told she would be paid at least in part through tip sharing with waitresses and other staff from patrons. But Plaintiff explained it is illegal to tip share or to have a manager participate in a tip pool with such personnel. It is *per se* unlawful under state and federal laws to have non-tip staff (such as management) participate in receipt of tips or tip pooling with staff customarily receiving tips (such as bussers or waitresses).

23. Verbal complaints about the aforementioned violations of the FLSA constitute protected activities prohibiting any retaliation. *See e.g. Kasten v. Saint-Gobain Performance Plastics Corp.,* 563 U.S. 1 (2011) (any informal or oral complaints to management of FLSA-related concerns are statutorily protected under the FLSA).

24. Defendants reckless disregard for statutory obligations didn't end with employee exploitation. Defendants also willfully disregarded state liquor licensing legal requirements. For example, Section 406 of 47 P.S. §§ 1-101, *et. seq.* – "the Code") requires the cessation of liquor sales within the restaurant at 2 AM. But Defendants frequently directed continuing sales and providing of liquor after 2 AM.

25. Plaintiff objected to unlawful liquor sales after 2 AM, saying she could not be complicit upsetting Defendants. Section 494 of the Code makes it a (criminal) misdemeanor to violate its provisions and can subject the individual or establishment to many expressly-stated penalties (not just criminality).

26.      Following repeated protected activities (the types of complaints made by Plaintiff to Defendants as explained *supra*), Plaintiff was terminated by Defendants on or about April 27, 2026.

27.      At time of termination, Plaintiff was told she is being terminated for not always taking the bosses' side and for caring about the workers too much. Plaintiff was offered no further details underlying her termination.

28.      As of termination, was owed thousands of dollars in unpaid salary – and with salary <u>and</u> unpaid overtime – she is owed in excess of $10,000.00 (<u>exclusive of</u> liquidated damages).

29.      Plaintiff seeks damages for: (a) unpaid overtime; (b) unpaid wages; (c) liquidated penalties for non-payment of wages and overtime; and (d) damages stemming from her unlawful termination (including past and future wage loss, emotional distress, punitive damages, attorney's fees, and other equitable and legal relief).

30.      As aforesaid, all decision making about the unlawful pay and unlawful (retaliatory) termination were made jointly by Defendants K-Nwani and H-Nwani are who are individually liable as to their own personal assets.[2] Separate from wage laws requiring individual liability, Defendants are individually liable as well under tort liability.[3]

---

[2] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation (or involved in terminations for protected activities) are appropriate <u>individual</u> defendants under the FLSA and may be held individually liable for such violations). The regulations under state law are the same (as asserted herein).

[3] It is well established that corporate officers are liable for torts in Pennsylvania in which they participate. In *Rowles v. Automated Prod. Sys.,* 1999 U.S. Dist. LEXIS 21605 (M.D. Pa. 1999), the court explained **any** corporate officer is individually liable for their tortious actions, stating:

> In *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 470 A.2d 86, 90 (Pa. 1983), the Pennsylvania Supreme Court recognized the participation theory as a basis for ***corporate officer liability***:

31.    These individual Defendants have engaged in such abuses amongst many others, not just Plaintiff. Their unlawful actions are malicious, calculated, and part of how they run their overall enterprise(s).

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Wrongful Discharge)**
**- Against All Defendants -**

32.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.    Plaintiff was terminated by Defendants for expressing concerns about FLSA non-compliance and overtime violations.

34.    Plaintiff's discharge from Defendants for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

---

Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity.

*Id.* at * 43.

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Defendants did not pay Plaintiff at a rate of time and one half for hours she worked beyond 40 hours per week.

37.     Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation.

38.     Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid overtime compensation, as well as penalties and interest.

**Count III**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA, warranting such pay and liquidated damages.

**Count IV**
**Violations of the Pennsylvania Wage Payment & Collection Law ("WPCL")**
**(Failure to Pay Owed Wages)**
**- Against All Defendants -**

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     Plaintiff was not paid thousands of dollars in unpaid wages as of her termination from employment (separate from her unpaid overtime compensation).

43.    Defendants' failure to pay Plaintiff all owed wages constitute a violation of the WPCL.

**Count V**
**<u>Common-Law Wrongful Termination</u>**
**(Retaliation)**
**- Against All Defendants -**

44.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.    It is clearly prohibited in this Commonwealth to terminate an employee for refusing to commit legal violations or criminal acts. *See. e.g. Levito v. Hussman Food Service Co. Victory Refrigeration Div.*, WL 1426 (E.D. Pa. 1990); *Woodson v. AMF Leisureland Centers, Inc.,* 842 F.2d 699, 702 (3rd Cir.1988); *Shaw v. Russel Trucking Line, Inc.,* 542 F.Supp. 776 (W.D.Pa.1982); *Dugan v. Bell Tel. of Pennsylvania,* 876 F.Supp. 713, 725 (W.D.Pa.1990).

46.    Plaintiff's termination for objecting illegalities herein constitutes common-law wrongful termination contrary to Pennsylvania public policy (a well-established tort).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations and retaliation;

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C.    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

10

D.     Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.     Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:   _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: July 10, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Ashley Garofolo | : | CIVIL ACTION |
| v. | : | |
| Kido Nwani, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x )

| | | |
|---|---|---|
| 7/10/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☒ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GAROFOLO, ASHLEY

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

KIDO NWANI, ET AL.

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |    Liability    [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &    Pharmaceutical Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'    Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability    [ ] 368 Asbestos Personal [ ] 340 Marine    Injury Product [ ] 345 Marine Product    Liability | | [ ] 835 Patent – Abbreviated New Drug Application [ ] 840 Trademark | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |    Liability    **PERSONAL PROPERTY** [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending | [X] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract |    Product Liability    [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    Property Damage |    Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise |    Injury    [ ] 385 Property Damage [ ] 362 Personal Injury -    Product Liability    Medical Malpractice | [ ] 740 Railway Labor Act [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions [ ] 891 Agricultural Acts [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 895 Freedom of Information |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** |    Act |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment    [ ] 510 Motions to Vacate | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 240 Torts to Land | [ ] 443 Housing/    Sentence Accommodations    [ ] 530 General | | |    Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities -    [ ] 535 Death Penalty    mployment    **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities -    [ ] 540 Mandamus & Other Other    [ ] 550 Civil Rights [ ] 448 Education    [ ] 555 Prison Condition    [ ] 560 Civil Detainee -    Conditions of    Confinement | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  7/10/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____